UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Saleem El Amin, )<br>)<br>　　　Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>United States, )<br>)<br>　　　Defendant. ) | Case: 1:15-cv-01705<br>Assigned To : Unassigned<br>Assign. Date : 10/16/2015<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is incarcerated at the Canaan United States Penitentiary in Waymart, Pennsylvania. He sues the United States for money damages based on decisions rendered by a judge of the Superior Court of the District of Columbia during plaintiff's sentencing. Plaintiff alleges that the Superior Court judge violated his rights under the Fifth and Sixth amendments to the Constitution, and he sues the United States as "landlord" of the Superior Court. Compl. at 1, 3.

Under the doctrine of sovereign immunity, the United States is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text[.]"). The Federal Tort Claims



Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). No private person would be subject to liability under the alleged circumstances, and the United States has not consented to be sued for constitutional violations. *See FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994). Besides, the complaint lacks any "arguable basis in law and fact" and, thus, is subject to dismissal also as frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Hence this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 13th, 2015      United States District Judge